IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> VICTOR EDUARDO FONSECA, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO REDUCE SENTENCE** <br><br> Case No. 2:19-cr-209 <br><br> Judge Clark Waddoups |

This matter is before the court on Defendant Victor Eduardo Fonseca's Motion to Reduce Sentence. Mr. Fonseca requests that the court reduce his sentence to time served or "any amount deemed appropriate," based on "extraordinary and compelling circumstances, specifically the length of sentence served, extraordinary rehabilitation, and the additionally punitive nature of serving time during the COVID-19 pandemic." Mot. to Reduce, at 1–2 (ECF No. 314) (quotations omitted).[1] While the court is sympathetic to the prison conditions Mr. Fonseca has set forth, the court denies Mr. Fonseca's motion because it does not satisfy the extraordinary and compelling standard.

## FACTUAL BACKGROUND

On April 17, 2019, law enforcement observed a person enter Mr. Fonseca's vehicle in a parking lot. Thereafter, law enforcement initiated a traffic stop because both individuals were

---

[1] When the court cites to a page in the record, it cites to the ECF pagination at the top of the page rather than pagination found elsewhere in the document.

1

"restricted from associating with one another" as a term of their parole. Presentence Rpt., ¶ 7 (ECF No. 319-1). During the stop, law enforcement found Mr. Fonseca in possession of methamphetamine, a stolen 9mm handgun that was loaded, a second loaded handgun that was .40 caliber, other narcotics, and drug paraphernalia. *Id.* ¶ 8. Mr. Fonseca was indicted on Count I for Possession of Methamphetamine with Intent to Distribute 50 grams or more and on Count II for being a Felon in Possession of Firearms and Ammunition. Indictment, at 1 (ECF No. 1).

On August 28, 2019, Mr. Fonseca pled guilty to Count I, pursuant to a Rule 11(c)(1)(C) agreement, whereby Mr. Fonseca agreed to a 70-month term of imprisonment in exchange for the United States dismissing Count II. Minute Entry (ECF No. 25); Statement in Advance of Plea, ¶¶ 1, 12 (ECF No. 27). Mr. Fonseca has a significant criminal history, which resulted in a guideline range of 84 to 105 months for Count I. Presentence Rpt., ¶ 50. The court accepted the Rule 11(c)(1)(C) agreement on November 19, 2019, and sentenced Mr. Fonseca to the agreed upon term of imprisonment. Minute Entry (ECF No. 46); Judgment, at 2 (ECF No. 47). Thus, Mr. Fonseca received a sentence 14-months below the guideline range. Mr. Fonseca now moves for compassionate release.[2]

## ANALYSIS

At the time of sentencing, the court did not anticipate the conditions Mr. Fonseca would face in prison as a result of a future pandemic. Mr. Fonseca contends that he "has endured countless additional punishments in the form of onerous lockdowns and restrictions on programming." Mot. to Reduce, at 1 (ECF No. 314). He further asserts he has "endured

---

[2] Mr. Fonseca properly exhausted his administrative remedies before filing suit. Req't for Reduction (ECF No. 315).

2

medication shortages, staff shortages, food shortages, and a general inability" for staff "to manage the number of inmates in Sheridan FCI's care." *Id.*  In support of his assertions that the conditions at FCI Sheridan are harsh, Mr. Fonseca cites to *Stirling v. Salazar*, No. 3:20-cv-0712 (D. Or.), where approximately 200 inmates challenged the conditions to which they were subjected during the pandemic.[3]

Courts from different jurisdictions have expressed concerns about pandemic-related conditions on prisoners.  *United States v. Martínez Encinias*, No. 13-cr-2225-MV, 2023 U.S. Dist. LEXIS 123128, at *23 (D.N.M. July 18, 2023) (finding "harshness of custodial sentences for individuals . . . who were sentenced before the COVID-19 pandemic . . . *may* constitute an extraordinary and compelling reason justifying relief in the form of compassionate release or a sentence reduction") (emphasis in original); *United States v. McRae*, No. 17-cr-643-PAE, 2021 U.S. Dist. LEXIS 8777, at *12 (S.D.N.Y. Jan. 15, 2021) (stating "a day spent in prison under extreme lockdown and in well-founded fear of contracting a . . . deadly virus exacts a price on a prisoner beyond that imposed by an ordinary day in prison," and that "[w]hile such conditions are not intended as punishment, incarceration in such circumstances is, unavoidably, experienced as more punishing").  Those concerns, coupled with other grounds, have resulted in certain inmates obtaining compassionate release.

Applying these findings to his situation, Mr. Fonseca contends that when his sentence was imposed, it was determined "to be sufficient, but not greater than necessary." Mot. to Reduce, at

---

[3]   The Court dismissed "the Amended Complaint and Petition for Writ of Habeas Corpus" on November 15, 2022.  *Stirling v. Salazar*, No. 3:20-cv-00712-SB, 2022 U.S. Dist. LEXIS 206892, at *33 (D. Or. Nov. 15, 2022).  The case is now closed.

3 (ECF No. 314). Thus, because COVID-19 has caused him to have a harsher punishment than what was originally imposed, and his 18 U.S.C. § 3553(a) factors have not changed for the worse, he contends his sentence should be reduced at least one day and up to all remaining days to redress his excess punishment. *Id.* Mr. Fonseca has presented logical arguments and raised legitimate concerns about the change in prison conditions due to the pandemic.

Motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A), however, are case specific. In the *Martinez Encinias* case, the court referenced *United States v. Ramirez*, 571 F. Supp. 3d 40, 47 (S.D.N.Y. 2021), as stating, "[i]f the challenging conditions of confinement caused by the pandemic warranted a sentence reduction here, essentially every inmate who has been in BOP custody at any time since March 2020 would be entitled to a sentence reduction." The *Martinez Encinias* case also referenced *United States v. Everett*, No. 2:12-cr-162, 2021 U.S. Dist. LEXIS 18320, at *5 (W.D. Pa. Feb. 1, 2021), which stated compassionate release was not warranted when all prisoners in a facility face similar conditions. In other words, while Mr. Fonseca presents a logical argument, its effect would be to reduce the term of every prisoner who was sentenced before the pandemic due to the steps imposed by the Bureau of Prisons to stop the spread of COVID-19.

This does not mean, however, that pandemic prison conditions are irrelevant when considering a compassionate release motion. Indeed, the Sentencing Guidelines, effective November 1, 2023, expressly include the following guideline for compassionate release:

> (D)   The defendant presents the following circumstances—
>
> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>
> (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1)(D) (2023).  The provision means even if a prison has pandemic-related conditions, one must still show risk factors specific to that person.  Mr. Fonseca has not done so.  Instead, he has made generalized assertions.  Thus, Mr. Fonseca has failed to show he is entitled to extraordinary relief.

Even if the criteria for compassionate release were satisfied under the Sentencing Guidelines, the court has reviewed each of the 18 U.S.C. § 3553(a) factors and concluded those factors do not weigh in favor of reducing Mr. Fonseca's sentence.  Mr. Fonseca asserts in his motion that there has been extraordinary rehabilitation in his case, particularly since "[h]is conduct in prison has been far better than the pre-conviction conduct."  Mot. to Reduce, at 3 (ECF No. 314).  As stated above, Mr. Fonseca has a significant criminal history, including prior acts of violence involving a firearm.  While imprisoned, Mr. Fonseca has only had two somewhat minor infractions, which means he is largely obeying the rules.  Eligibility Rpt., ¶¶ 18–19 (ECF No. 319).  The court recognizes that Mr. Fonseca's conduct has improved, and also recognizes how challenging change can be.  Mr. Fonseca also has been a unit orderly for a significant period, and "has completed educational courses in carpentry and building trades."  *Id.* ¶¶ 20–21.  The court commends Mr. Fonseca's efforts.

Mr. Fonseca, however, already is scheduled to be released in November 2024, based on good conduct.  Release Rpt., at 5 (ECF No. 319-2).  Were he not receiving that credit, his release

date would be in September 2025. *Id.* Additionally, Mr. Fonseca received a sentence below the guideline range on Count I. He also avoided a longer sentence when Count II was dismissed, despite Mr. Fonseca having two loaded firearms in his possession as a convicted felon. Taking all factors into consideration, the court concludes Mr. Fonseca has not met the high standard required to further reduce his sentence.

## **CONCLUSION**

For the reasons stated above, the Court denies Mr. Fonseca's Motion to Reduce Sentence (ECF No. 314).

DATED 1st day of February, 2024.

BY THE COURT:

Clark Waddoups
United States District Court